ALEX RALSTON, Plaintiff, *v.* KARP METAL PRODUCTS CO., INC., Defendant.

Supreme Court, Trial Term, Kings County, November 17, 1942.

*Emanuel H. Bloch* for plaintiff.

*Lester M. Rosenbloom* for defendant.

DALY, J. The plaintiff has instituted this action to recover from his former employer unpaid overtime compensation and reasonable counsel fees allegedly due him pursuant to the provisions of the Fair Labor Standards Act of 1938, also known as the Wage and Hour Law (52 U. S. Stat. 1060; U. S. Code, tit. 29, § 201 *et seq.*), and for other relief. His claim has been subdivided into four periods: (1) October 24, 1938, to March 12, 1939; (2) March 12, 1939, to October 24, 1939; (3) October 24, 1939, to October 24, 1940; and (4) March 19, 1941, to June 4, 1941.

Under the Act, employees working more than a specified number of hours during any work week must be compensated at one and one-half times their regular rate of pay for all hours of overtime. (*Overnight Motor Co.* v. *Missel,* 316 U. S. 572.) The specified number of hours for the year commencing October 24, 1938, was fixed by law at forty-four hours, for the year commencing October 24, 1939, at forty-two hours, and thereafter and up to and including the present time at forty hours per week.

The plaintiff testified that he was in the defendant's employ for approximately ten to twelve years first as a welder and then, from October 24, 1938, until the termination of his employment on June 4, 1941, as the foreman of the welding department; that during the period from October 24, 1938, to October 24, 1940 (which covers the first three periods above referred to), he worked overtime for one hour each day for five days each week, also eight hours every alternate Saturday; and that he began working at seven-thirty A. M. and quit at five P. M., with one-half hour for lunch.

He claims that he is entitled to recover for the first three periods the sum of $313.43, less an allowance of $20.10 for holidays, or a balance of $293.33. He arrives at that figure by dividing the weekly wage rate of each period by the number of hours he claims he worked in any one week of such work weeks. Thus, during the first period, when his wage rate was $50 per week, said rate is divided by forty-five when he worked forty-five hours, and by fifty-three when he worked fifty-three hours per week. The same formula is used for the second and third periods when his weekly wage rate was $52.50. As to the fourth period, the plaintiff testified that in the middle of March, 1941, he was called into the office of the president of the defendant and was told that his hourly rate, which was then $1.31¼, would be reduced to $1. He said that he refused to accept this reduction. Nevertheless, he continued to work and was paid at the hourly rate of $1. He seeks to recover the difference between the two rates amounting for the period to the sum of $138.50, together with the sum of $219.95, which is the total of the *pro rata* time and one-half to which he claims to be entitled for the excess hours over forty, which he claims he worked during said period.

Should the court find in his favor with respect to the sums above referred to, totaling $651.78, plaintiff contends he is entitled to an equal amount of such recovery as liquidated damages. (*Emerson* v. *Mary Lincoln Candies, Inc.,* 287 N. Y. 577.)

It is undisputed that the plaintiff was employed on a weekly rate, irrespective of the number of hours worked by him. Notwithstanding this, however, it seems that he may, under the Fair Labor Standards Act, be entitled to overtime compensation (*Overnight Motor Transportation Co.* v. *Missel, supra*), but the burden is upon the plaintiff to establish not alone the fact of overtime work but the quantity of overtime work each week. (*Lowrimore* v. *Union Bag & Paper Corp.,* 30 F. Supp. 647, affd., *sub nom. Gale* v. *Union Bag & Paper Corp.,* 116 F. [2d] 27.)

A consideration of the evidence adduced at the trial and all the circumstances surrounding the same does not convince me, however, that the plaintiff has met that burden. He kept no record of the hours he claims he worked each week, and accepted his wages without protest, and for four years delayed asserting his claim.

As said in *Brown* v. *Carter Drilling Co.* (38 F. Supp. 489): " Certainly the evidence offered by an employee such as is plaintiff who has long since received and accepted without protest the pay called for in his contract of employment, and who after long delay, and without any reasonable explanation of the delay, sues to recover compensation for overtime and penalties, should be convincing * * * ."

Assuming *arguendo* that there were times when plaintiff worked more than the specified hours fixed by law, the testimony given by him is indefinite and at most a mere estimate based upon an alleged course of conduct or overall average a number of years back. There is no convincing proof of the number of hours he actually worked each week. As a matter of fact, his claim for overtime ends with the date on which he was required to punch a time clock and thereby establish a definite and accurate record.

Upon the record before me, I find, therefore, that the plaintiff has failed in establishing his case by a fair preponderance of credible proof and his motion for judgment is accordingly denied and that of the defendant granted, dismissing the complaint on the merits. Thirty days' stay of execution is granted, with sixty days to make and file a case on appeal.